IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-KP-01291-SCT

*RODNEY M. DAVIS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/11/95 |
| TRIAL JUDGE: | HON. MICHAEL RAY EUBANKS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY | RICHARD L. DOUGLASS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/5/97 |
| MOTION FOR REHEARING FILED: | 6/26/97 |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Rodney M. Davis appeals the denial of his motion to correct, modify or clarify his sentence.

Davis was arrested for the January 8, 1993, armed robbery of Sister Carmelita Stinn. An agreement had been reached between Davis and the State. In return for Davis' guilty plea, the State agreed to recommend a twenty (20) year sentence to run concurrent to the forty (40) year sentence that Davis was already serving and not seek to sentence Davis as a habitual offender. On June 7, 1993, Davis petitioned the Lamar County Circuit Court to accept his guilty plea to the charge of armed robbery. Davis' signed petition stated that the 20 year sentence would begin to run from the date of petition. That same day, Judge Michael Ray Eubanks conducted a plea hearing and accepted Davis' guilty plea

and followed the State's recommendation. On September 7, 1995, Davis appealed and alleged that the sentence imposed is ambiguous and violates his Constitutional right to due process. On September 12, 1995, Judge Eubanks entered an order dismissing Davis' motion. Specifically, Davis contends that he should receive time served toward the twenty year sentence for the time he spent imprisoned prior to his 1993 plea and sentence.

Aggrieved by the disposition below, Davis seeks review of the following issues:

> **I. WHETHER DAVIS WAS DENIED DUE PROCESS OF LAW BECAUSE THE SENTENCE IS AMBIGUOUS AND CONTRARY TO LAW UNDER THE U.S. AND MISSISSIPPI CONSTITUTIONS?**

> **II. WHETHER THE LOWER COURT COMPLIED WITH THE AGREEMENT BETWEEN DAVIS AND THE STATE?**

## STATEMENT OF THE FACTS

Rodney M. Davis was arrested for the January 8, 1993 armed robbery of Sister Carmelita Stinn. On February 19, 1993, Davis was indicted for the crime of armed robbery as a habitual offender. In 1976, Davis pled guilty to the crimes of assault and burglary, and received three (3) year sentences for each offense. In 1979, Davis was found guilty of uttering forgery and received a fifteen (15) year sentence. Later in 1979, Davis was found guilty of armed robbery and sentenced to twenty-five (25) years imprisonment to run consecutive to the earlier fifteen year sentence he had already began to serve. On February 11, 1992, Davis was paroled. Davis was out of prison for less than one year before committing the crime which is the subject of this appeal.

A review of the record shows that a jury was selected and sworn to hear the armed robbery trial of Davis. However, on June 7, 1993, Davis signed a plea petition and asked the circuit court to accept his guilty plea to armed robbery. Davis was represented by two attorneys; Thomas E. Schwartz and William L. Ducker. Davis and his counsel had completed a plea agreement in which both Davis and the State made concessions. In return for Davis' guilty plea, the State would dismiss that portion of the indictment seeking to prosecute Davis as a habitual offender and recommend a twenty (20) year sentence to the circuit court. Additionally, the State would recommend that the twenty year sentence run concurrently to the earlier sentences, totaling 40 years, that Davis was again serving.[1] In regard to the recommended (20) year sentence, Davis' signed plea petition states, "Twenty years to commence this date with waiver of pre-sentence."

A plea hearing was held following the entry of the plea petition. Davis stated: (1) that he was thirty-five (35) years old; (2) that he was not under the influence of drugs or alcohol; (3) that he is a high school graduate and he can read and write without difficulty; (4) that he had no emotional or mental problems that kept him from understanding the proceedings; (5) that he had previously pled guilty and he understood the proceedings; (6) that he did sign the plea petition; (7) that he read and understood the plea petition; and (8) that his attorneys discussed the plea petition with him. Davis stated that he wished to plead guilty. Judge Eubanks accepted Davis' plea and found that Davis had freely and voluntarily entered the plea after extensively questioning Davis, and reviewing evidence linking Davis to the crime. Judge Eubanks then announced he was ready to sentence Davis and stated, "Based upon what's been presented to me, I'm going to sentence you to 20 years in the

custody of the Department of Corrections. I'm going to let that sentence start and begin running today." On June 11, 1993, the order of conviction was filed. The wording of the sentence was consistent with that announced at the hearing and stated that the sentence would begin June 7, 1993, and terminate June 7, 2013.

On July 3, 1995, Davis filed a motion and asked for pre-trial confinement credit from the date of his arrest to the date of the guilty plea. On July 7, 1995, Judge Eubanks entered an order and granted Davis pre-trial confinement credit as time served for 143 days. On September 1, 1995, Mississippi Supreme Court Justice Pittman signed an order dismissing Davis' appeal, which only dealt with pre-trial confinement credit, 95-TS-00727, based upon Davis' statement, "there exists no further issue to be ruled upon by this Court."

On September 7, 1995, Davis filed a motion for post-conviction relief to correct, modify or clarify sentence. Davis stated:

> It is petitioner's position that his twenty (20) year sentence that was run concurrently with his existing forty (40) year sentence is the only sentence that can be deemed legal, and that the reference "said sentence to begin on June 7, 1993, and run for twenty (20) years from and after said date, and to terminate on June 7, 2013" is ambiguous and illegal and should be deleted from the sentencing order.

On September 12, 1995, Judge Eubanks entered an order and dismissed Davis' motion to correct, modify or clarify sentence. Judge Eubanks found that the sentences were to run concurrently, and no ambiguity arose because the sentences totaling forty years would expire in 2018 and the twenty year sentence in 2013. On October 27, 1995, Davis filed the appeal now before this Court.

## DISCUSSION OF THE ISSUES

### I. WHETHER DAVIS WAS DENIED DUE PROCESS OF LAW BECAUSE THE SENTENCE IS AMBIGUOUS AND CONTRARY TO LAW UNDER THE U.S. AND MISSISSIPPI CONSTITUTIONS?

### II. WHETHER THE LOWER COURT COMPLIED WITH THE AGREEMENT BETWEEN DAVIS AND THE STATE?

There is a possible procedural bar to this appeal. Although not present in the record, Davis filed a motion with this Court on this same case. In 1995, Davis filed a motion seeking pre-trial confinement credit for the time he was incarcerated between arrest and his guilty plea. In July, 1993, the lower court granted Davis' motion. And, on September 1, 1993, Justice Pittman ordered that Davis' appeal be dismissed based upon Davis' own request.

In essence, Davis contends that he should receive credit for time served against his latest sentence, of 20 years, with the time he was imprisoned from 1979 to 1992. This is illogical and lacks any basis in law. Davis does not offer case law that actually supports his contentions. A review of the record before this Court indicates that Davis is pursuing this argument so that he may receive earlier parole eligibility.

One cannot begin to serve a sentence until the sentence is imposed. An exception has been made.

This exception allows pre-trial confinement credit. In the case *sub judice*, Davis has received pre-trial confinement credit of 143 days. Davis was already serving a sentence scheduled to terminate in 2018, whereas, the sentence imposed in the present case will terminate in 2013. Black's Law Dictionary defines "concurrent sentences" as:

> Two or more terms of imprisonment, all or part of each term of which is served simultaneously and the prisoner is entitled to discharge at the expiration of the longest term specified.

The sentences in the case *sub judice* are not ambiguous and do not constitute a due process violation. Davis stated that he read and understood the plea petition that he submitted for approval to the Lamar County Circuit Court. The petition, in handwriting, stated that the twenty year sentence would begin on June 7, 1993, the date the petition and plea were entered. At the plea hearing, the lower court clearly stated that the twenty year sentence would begin to run from that date. All statements made at the plea hearing and the plea petition are consistent, in that the sentence would begin on June 7, 1993, not in 1979. The circuit court followed the agreement made between the State and Davis. These issues are without merit.

If the same violations were made in 1997, it would yield another result. Effective June 30, 1995, Miss. Code Ann. § 99-19-21 (2) states that when a person is sentenced to imprisonment for a felony while the person was on parole, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. Thus, the state legislature now orders a mandatory consecutive sentence, and the sentencing judge has no authority to give a concurrent sentence.

## CONCLUSION

Rodney M. Davis' appeal is without merit. Davis attempts to receive credit for time served, accumulated from 1979-1992, to his 1993 plea sentence. However, a concurrent sentence requires two sentences be served at once. From 1979-1992, Davis was incarcerated for his 1979 convictions only. His second sentence did not occur until 1993, thus the concurrent sentence could not begin to run until 1993.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**


1. Although no date is given in the record, Davis' parole for the 1979 convictions was revoked prior to the entry of this guilty plea in 1993.